CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 6 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM H. MAKI, SR.,<br>Administrator of the Estate of William<br>H. Maki, Jr.,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>WILLIAM E. MILLER,<br>UNKNOWN PSYCHIATRIC OFFICER<br>OF THE DAY, AND UNKNOWN<br>MEDICAL, CUSTODIAL AND/OR<br>ADMINISTRATIVE AGENTS<br>AUTHORIZED TO ACT ON BEHALF<br>OF SALEM VAMC,<br>    Defendants. | Civil Action No. 7:07cv00443<br><br>**MEMORANDUM OPINION<br>AND ORDER**<br><br>By: Samuel G. Wilson<br>United States District Judge |

This case arises from the June 2006 death of William H. Maki, Jr. ("Maki") during an effort to restrain him after an altercation at the United States Veteran's Affairs Medical Center ("VAMC") in Salem, Virginia. Maki's father, the administrator of Maki's estate, brought this two-count suit in this court. Count One alleges that the individual defendants violated Maki's Constitutional rights to due process under the Fifth Amendment, and are therefore personally liable pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Count Two alleges that all defendants are liable under the Federal Tort Claims Act for medical malpractice, negligence, and wrongful death. The case is now before the court on a motion to dismiss by the United States. The United States moves this court to dismiss from Count One the unknown medical, custodial and/or administrative agents authorized to act on behalf of Salem VAMC. The United States is not named in Count One, and it is not a proper party to move for the dismissal of other parties from that count. The motion will therefore be

denied.

## I

Plaintiff alleges that VAMC was well aware of Maki's multiple psychiatric conditions when VAMC admitted him as an inpatient on June 4, 2006. Plaintiff alleges that despite this knowledge, VAMC did not give Maki proper supervision and treatment. These failures allegedly caused the situation in which Maki tried to take another patient's milk, and an altercation ensued. The altercation, which included patients and at least one VAMC employee, nursing assistant William E. Miller ("Miller"), left Maki dead, allegedly from "manual pressure applied to neck during episode of acute psychosis." (Compl. ¶ 21.)

The United States filed a Notice of Substitution and an accompanying Scope of Employment Certification by the U.S. Attorney, pursuant to 28 U.S.C. § 2679, asking that the United States be substituted for Miller as to Count Two. The United States then moved to dismiss the unknown medical, custodial and/or administrative agents authorized to act on behalf of Salem VAMC from Count One. The United States was not named in Count One, the Bivens claim, of the Complaint. The United States does not represent any party named in Count One. The substitution is irrelevant here because it only applied to Miller[1], not the defendants the United States now seeks to dismiss. The United States, therefore, is not a proper party to seek the dismissal of parties that it does not represent from a count that does not involve the United States.

## II

---

[1] The substitution of the United States for Miller is ineffective as to the Bivens claims. The substitution procedure does not apply to actions brought for a violation of the Constitution. 28 U.S.C. § 2679(b)(2)(A).

For the reasons stated, the United States' motion to dismiss is hereby **DENIED**. It is further **ORDERED** that defendant United States is hereby substituted for defendant Miller as to Count Two of plaintiff's complaint.

**ENTER:** This 6th day of February, 2008.

United States District Judge